UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

JOHN DOE,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, and CORRECTION
OFFICERS JOHN DOES 1-3, in their individual and
official capacities as Correction Officers employed by The
City of New York,

                                          Defendants.

--------------------------------------------------------------- x

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

19 Civ. 6322 (CM)(JLC)

**WHEREAS**, Defendant City of New York intends to produce certain documents pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure that Defendant deems or may deem to be confidential, private, subject to an applicable privilege, or otherwise inappropriate for public disclosure;

**WHEREAS**, Defendant objects to the production of those documents unless appropriate protection for their confidentiality is assured;

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and Defendant that documents and information shall be provided in accordance with the terms of this Stipulation of Confidentiality and Protective Order as follows:

1. This Action shall mean <u>John Doe v. City of New York, et al.</u>, 19 Civ. 6322 (CM)(JLC).

2. As used herein, without waiving the right to later interpose objections concerning these documents, "Confidential Materials" shall mean:

    (A) New York City Department of Correction ("DOC") employment/ personnel related records and information;

    (B) Disciplinary related records and information, and file of investigations conducted by the Department of Investigation ("DOI"), DOC, or other agencies regarding the conduct of Members of the Service of DOC;

    (C) DOC training materials, including, but not limited to, Directives, Operations Orders, Command Level Orders, training manuals, and/ or lesson plans;

    (D) ID Investigation File No. N1320/2017;

    (E) Any other documents produced as part of Monell discovery;

    (F) Plaintiff's medical records; and

    (G) Any document where Plaintiff's legal name and personal identifying information must be revealed.

3. The documents and information as defined in Paragraph 2 shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by Plaintiff from sources other than Defendant, or (b) are otherwise publicly available.

4. Defendant reserves the right to designate any document confidential pursuant to this agreement if necessary after production of such documents to Plaintiff.

5. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Materials by Defendant shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

6. Defendant shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

7. Defendant shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by Bates number in a writing directed to Plaintiff's counsel.

8. Confidential Materials may not be used for any purpose other than for the preparation, settlement, or presentation of this Action.

9. Inadvertent production of any document or information which is privileged, confidential, and/or was prepared in anticipation of litigation, is otherwise immune from discovery, shall not constitute a waiver of any privilege or confidentiality or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of the disclosing party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

10. If Plaintiff objects to the designation of particular documents or information as "Confidential Materials," Plaintiff shall state such objection in writing to the Defendant, and the parties shall endeavor in good faith to resolve such an objection. If such an objection cannot be resolved, then, within thirty (30) days of receiving the response to the objection to the material's classification as confidential, Plaintiff shall seek judicial intervention. Any such materials or information shall remain confidential until the parties resolve the objection or there is a resolution of the designation by the Court.

11.     Plaintiff's attorney shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made only if necessary to the preparation or presentation of Plaintiff's case in this Action to those individuals described in the subparagraph (b) below.

b. Disclosure before trial may be made only to a party, to an expert who has been retained or specially employed by a party's attorney in anticipation of litigation or preparation for this Action, to a witness and court reporter at deposition, or to the Court.

c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), Plaintiff's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order for review, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or settlement of this Action and not to further disclose the Confidential Materials except in testimony taken in this Action. Plaintiff's attorney shall retain the signed consent and furnish a copy to Defendant's attorney upon request, although the name of an expert that Plaintiff does not intend to call as a trial witness may be redacted from such consent before it is produced.

12.     Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential. Defendant City of New York may designate deposition exhibits and portions of deposition testimony as Confidential

either by: (a) indicating on the record during the deposition that questions relate to Confidential Materials, and can request that the court reporter/stenographer to bind the transcript of the designated testimony in a separate volume and with a cover page prominently marked "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the court reporter/stenographer and all attorneys of record, in writing, within 45 days after a deposition transcript has been received of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the attorneys for the respective parties.

13. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be filed under seal, in accordance with the rules of the District Court in which the Matter is filed and/or the Individual Rules of the judge to whom the papers are directed.

14. However, where the confidential information is not material to issues addressed in court submissions and the parties agree in writing that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, plaintiff may file redacted documents without further order of the Court.

15. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be returned to Defendant's attorneys or, upon Defendant's attorneys' consent, destroyed; except that plaintiff's counsel shall retain one copy of the Confidential Materials, and any Confidential Materials containing plaintiff's attorney work product, to the extent required to comply with

applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendant's use of its own Confidential Materials in any manner.

17. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once this Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by Plaintiff, or anyone receiving confidential documents pursuant to paragraph 11 herein, for any purpose without prior Court approval.

18. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

19. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

20. This Stipulation of Confidentiality and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each

counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Confidentiality and Protective Order, which shall be binding upon and effective as to all Parties.

21. The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. Pursuant to the Individual Rules of the Hon. Colleen McMahon, Chief United States District Judge, Southern District of New York dated August 6, 2019 the parties hereby incorporate the addendum annexed hereto as Exhibit B.

Dated: New York, New York
November 21, 2019

ANDREW F. PLASSE, ESQ.
*Attorney for Plaintiff*
163-07 Depot Road, Suite 205
Flushing, New York 11358

By: _____
Andrew F. Plasse, Esq.

Date: 11/21/19

JAMES E. JOHNSON
Corporation Counsel of the
 City of New York
*Attorney for Defendant City of New York*
100 Church Street, Rm. 3-306(a(
New York, New York 10007

By: _____
Corey S. Shoock, Esq.

Date: 11/21/19

SO ORDERED:

_____
HON. 
UNITED STATES DISTRICT JUDGE

Dated: 21 November, 2019

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Stipulation of Confidentiality and Protective Order dated _____ 2019, entered into the Matter entitled John Doe v. City of New York, et al., 19 Civ. 6322 (CM)(JLC), understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

Date: _____          Signature: _____

                                                              Print Name: _____

                                                              Occupation: _____

## EXHIBIT B

## THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment