

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/18/2020

**JAMES E. JOHNSON**
*Corporation Counsel*

T̲HE C̲ITY OF N̲EW Y̲ORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**COREY S. SHOOCK**
*Senior Counsel*
phone: (212) 356-5051
cshoock@law.nyc.gov

June 17, 2020

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   <u>John Doe v. City of New York, et al.</u>
               19 Civ. 6322 (MKV)(JLC)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced case. Defendant City[1] writes to submit to the Court a joint status of this case pursuant to the Scheduling Order dated April 29, 2020.[2] Defendant also writes to respectfully request an adjournment of the Conference currently scheduled for June 24, 2020 at 11:00 a.m. This is Defendant's first request for an adjournment of the June 24th Conference. Plaintiff's counsel consents to this request.

      As the Court is aware, Plaintiff submitted an application today, June 17, 2020, seeking to extend the deadline to submit this status report. However, the parties were able to discuss the issues germane to this letter and can timely submit it to the Court. Accordingly, today's application from Plaintiff is now moot.

### I.    Status Report

<u>Status of Discovery</u>

      On May 6, 2020, Plaintiff served his Initial Disclosures on Defendant. On May 14, 2020, Plaintiff sent Defendant a series of electronic mail attachments, without Bates

---

[1] Upon information and belief, the individual defendants have not yet been served with process and are thus not parties to this action.

[2] Counsel for the respective parties have discussed the information provided herein.

numbers, containing portions of Plaintiff's medical records from various providers. On May 15, 2020, Plaintiff sent Defendant four medical releases by electronic mail pertaining to the Central New York Psychiatric Center, Metropolitan Hospital, Mount Sinai Hospital, and a physician. Plaintiff's counsel represents that the original medical records and medical releases were served by U.S. Mail to Defendant on May 15, 2020, but to date Defendant has not received those documents. Defendant has informed Plaintiff that the providers may require the original medical releases before providing the responsive records. To the extent the medical records, and more importantly the original releases, are not received by next week, Defendant has already informed Plaintiff's counsel that it will request another set.

In addition, as addressed in the parties' previous status letter dated March 25, 2020 (see ECF No. 43), Plaintiff has still not yet served his responses to Defendant's Document Requests dated October 25, 2019. Those responses were due on November 25, 2019.[3]

Finally, Defendant intends on supplementing its response to Plaintiff's discovery demands with additional directives promulgated by the New York City Department of Correction ("DOC") by Friday, June 26, 2020.

### Plaintiff's Deposition

On June 4, 2020, Plaintiff was deposed via remote videoconference pursuant Rule 30(b)(4). After approximately three hours, Plaintiff refused to answer additional questions on the basis of physical and emotional discomfort. The parties scheduled the resumption of Plaintiff's deposition on June 11, 2020, again to be held via remote videoconference. Although counsel for the parties were present, the deposition did not commence because Plaintiff was unable to secure an Internet connection sufficient to join the videoconference. The parties rescheduled the continuation of Plaintiff's deposition for today, June 17, 2020 at 2:30 p.m. but again Plaintiff did not appear by 3:08 p.m., and it was again postponed. Discovery ends on June 30, 2020. The parties intend to confer on the continuation of the deposition by that date.

### Additional Responsive Documents

During the June 4th deposition siting, Plaintiff revealed for the first time that after he was released from State Prison in November 2019, he received treatment for certain emotional injuries. Plaintiff indicated that he received an additional, previously undisclosed diagnosis, and engaged in substantive correspondence with his health care provider regarding that diagnosis and resulting treatment, which Plaintiff testified is related to this incident. Defendant requested copies of records on the record at the deposition. Defendant is awaiting the executed releases relating to same.

### Settlement

Pursuant to the Court's April 29th Order, the parties have continued to discuss a negotiated resolution to this case. However, the parties have made no further progress toward settlement to date.

---

[3] In a separate filing, Defendant intends to move this Court for an order directing that Plaintiff has now waived any objections to those discovery demands and for Plaintiff to provide the responses, and executed accompanying releases, by a date certain.

### II. Application to Adjourn or Reschedule

Defendant also writes individually to respectfully request that the Conference scheduled for June 24th at 11:00 a.m. be rescheduled to a time after 2:00 p.m. on that date; or be adjourned to another date convenient to the Court.

The requested adjournment is necessary to accommodate the undersigned who is scheduled to participate in mandatory training administered by this Office in conjunction with the National Institute for Trial Advocacy. The training sessions are scheduled to take place weekday mornings though June and into the first two full weeks in July. Additionally, the training organizers have directed all participants to be prepared to remain available after the appointed training sessions. Hence, it is the undersigned's belief that Defendant cannot be available for a conference until after 2:00 p.m.[4]

Therefore, Defendant respectfully requests that the Court reschedule the Conference on June 24, 2020 to begin after 2:00 p.m. on that date, should that time be convenient for the Court; or to a later date convenient to the Court in June or July after 2:00 p.m., except for July 7–9, and 13–15, 2020.

### III. Conclusion

The parties thank the Court for its attention to this matter.

Respectfully submitted,

*Corey S. Shoock*  /s

Corey S. Shoock
*Senior Counsel*
Special Federal Litigation Division

cc:  Andrew F. Plasse, Esq. (By ECF)
*Attorney for Plaintiff*
163-07 Depot Road, Suite 205
Flushing, New York 11358

> The Status Conference scheduled for June 24, 2020 is adjourned sine die. The Parties are directed to submit a joint status letter on or before June 26, 2020. The Parties are reminded that any discovery disputes which they intend to raise with the Court must be submitted for review with enough time for the Court to rule and for the resulting discovery, if any, to be exchanged within the existing deadlines. The Clerk is directed to terminate the motion at ECF 52 as withdrawn.
>
> Date: 6/18/2020
> New York, New York
>
> Mary Kay Vyskocil
> United States District Judge

---

[4] Because of all-day training on July 7-9th and 13-15th, counsel is not available on those dates.